# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

**ALBERT SEDGES,**

Plaintiff,

v.

**THERESA MAHONEY,**

In her individual capacity,

Defendant.

**Case No.:** _____

*(To be assigned by Clerk)*

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

*(Action Brought Pursuant to 42 U.S.C. § 1983)*

## PRELIMINARY STATEMENT

1. Plaintiff Albert Sedges brings this civil rights action pursuant to 42 U.S.C. § 1983 to redress the intentional, malicious, and unauthorized administrative obstruction of his fundamental constitutional rights guaranteed under the First and Fourteenth Amendments to the United States Constitution. This action targets an egregious abuse of administrative authority by a court official acting outside the scope of any lawful discretion.

2. This lawsuit arises from the Defendant's deliberate, tactical interception and electronic diversion of an official legal document submitted by Plaintiff through the Judiciary Electronic Document Submission (JEDS) system. Despite prominent, unambiguous, and bolded instructions on the face of the filing mandating direct, non-discretionary routing to the Chief Justice, Defendant abandoned her ministerial duties. Defendant actively blockaded Plaintiff's access to the proper administrative channel and diverted the filing to a completely different judicial officer to insulate the intended recipient from oversight. Because the handling and routing of incoming documents is a strictly ministerial, clerical function devoid of adjudicative discretion, Defendant acts entirely outside any immunity shield and is sued strictly in her individual capacity.

## STATEMENT OF FACTS

3. Plaintiff utilized the court's official Judiciary Electronic Document Submission (JEDS) system to submit a formal legal document intended for a specific, mandatory administrative pathway under the rules of the court.

4. To ensure proper administrative processing and prevent unauthorized interference, the submitted document contained explicit, bolded text on its face stating **"DO NOT DIVERT"** and provided clear instructions for "Mandatory Routing" directly to the Chief Justice.

5. As the Clerk of the Court, Defendant Theresa Mahoney, along with her immediate operational staff operating out of the Morris County Courthouse, serves as the exclusive administrative gatekeeper and frontline handler responsible for receiving, indexing, and mechanically routing all incoming electronic JEDS submissions.

6. Upon receipt of Plaintiff's JEDS filing, Defendant Mahoney, or staff acting under her direct personal supervision, command, and operational policy at the Morris County Courthouse, reviewed the document and became fully aware of the explicit, non-discretionary routing instructions contained on its face.

7. Rather than performing the mandatory, ministerial task of transmitting the document to its designated recipient, Defendant personally executed or directed a tactical, bad-faith intervention.

8. Defendant deliberately disregarded the explicit "DO NOT DIVERT" mandate and physically or electronically intercepted the filing at the Morris County Courthouse. Defendant unauthorizedly rerouted the document away from the Chief Justice and sent it instead to Judge Barbato.

9. This administrative interception was executed with the specific intent to bury the filing, insulate the administrative target from formal accountability, and sever Plaintiff's ability to secure a lawful review of his grievances through the proper, mandated channels.

## STATEMENT OF ARGUMENTS

10. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 9 as if fully set forth herein.

11. The First Amendment to the United States Constitution guarantees citizens the fundamental right to petition the government for a redress of grievances, and the Fourteenth Amendment guarantees that no state actor shall deprive any person of liberty or property without due process of law. Taken together, these clauses protect a citizen's absolute right of meaningful, unobstructed access to the courts.

12. Under 42 U.S.C. § 1983, a state official who, under color of law, subjects or causes to be subjected any citizen to the deprivation of rights secured by the Constitution is legally liable to the injured party for damages.

13. Defendant Mahoney, acting under color of state law at the Morris County Courthouse, personally executed an unconstitutional blockade of the court's filing mechanisms. By actively intercepting and altering the delivery destination of Plaintiff's JEDS filing, Defendant stripped Plaintiff of his right to have his legal documents received and reviewed by the proper authority, causing an immediate and severe constitutional injury.

14. This interference constitutes a clear violation of the right of access to the courts, as affirmed by the United States Supreme Court in *Bounds v. Smith*, 430 U.S. 817 (1977), which dictates that state actors cannot place physical or administrative impediments that block or nullify a citizen's ability to seek judicial remedies.

## PROPER VENUE

15. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts, or omissions giving rise to the claims occurred directly within this judicial district. Specifically, the unlawful interception, electronic diversion, and administrative blockade of Plaintiff's JEDS filing were executed by Defendant and her staff operating out of the Morris County Courthouse, located in Morristown, New Jersey, within this federal judicial district.

16. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights jurisdiction), as the action is brought to redress the deprivation under color of state law of rights secured by the Constitution of the United States.

## THE PARTIES

17. **Plaintiff Albert Sedges** is an individual and a citizen of the United States, residing at 241 South 10th Avenue, Forsyth, Montana, 59327. Plaintiff is a pro se litigant who is not a professional lawyer.

18. **Defendant Theresa Mahoney** is, and was at all times relevant to this Complaint, the Clerk of the Court. She is sued strictly in her **individual capacity**. At all times relevant, Defendant acted under color of state law in her administrative and operational role managing the JEDS system and processing court filings from her office at the Morris County Courthouse.

## PIERCING THE IMMUNITY SHIELD

19. Defendant is not entitled to absolute, quasi-judicial, or qualified immunity because her unconstitutional conduct was strictly ministerial, clerical, and non-discretionary.

20. The United States Supreme Court has firmly established that absolute immunity does not attach to court personnel simply by virtue of their status as employees of the judicial branch. In *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), the Supreme Court ruled that judicial immunity is bound to the specific *function* being performed, not the office. Administrative tasks that do not involve judicial decision-making or the exercise of adjudicative discretion are entirely unprotected.

21. The receipt, indexing, and mechanical distribution of electronic filings via the JEDS system are purely ministerial duties. The Clerk of the Court possesses zero legal discretion to alter the addressed destination of an incoming filing, disregard a "DO NOT DIVERT" instruction, or choose which judicial officer reviews a submitted document.

22. By stepping outside her ministerial mandate to execute an unauthorized, tactical diversion of Plaintiff's legal document, Defendant abandoned any protected judicial function. Because her actions violated clearly established constitutional rights of court access that a reasonable official would have known to be unlawful, her administrative immunity shield is pierced, leaving her fully exposed to liability in her individual capacity.

## TABLE OF AUTHORITIES

- **42 U.S.C. § 1983** – Civil action for deprivation of rights.

- **Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993)** – Holding that court personnel do not enjoy absolute immunity for non-discretionary, ministerial or administrative duties.

- **Bounds v. Smith, 430 U.S. 817 (1977)** – Affirming that the United States Constitution guarantees a fundamental right of meaningful, adequate, and unobstructed access to the courts, prohibiting state actors from interfering with legal filings.

- **Mitchum v. Foster, 407 U.S. 225 (1972)** – Establishing the role of Section 1983 in protecting citizens from the deprivation of constitutional rights by state officials acting under color of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Albert Sedges respectfully requests that this Court enter judgment against Defendant Theresa Mahoney in her individual capacity, and award the following relief:

A. A declaratory judgment that Defendant's intentional interception and diversion of Plaintiff's JEDS filing at the Morris County Courthouse constituted a violation of his rights under the First and Fourteenth Amendments to the United States Constitution;

B. Compensatory damages against Defendant Mahoney in her individual capacity for the constitutional deprivations, injury to due process, and legal delays sustained;

C. Punitive damages against Defendant Mahoney in her individual capacity for her willful, intentional, and reckless disregard of Plaintiff's clearly established constitutional rights;

D. An order directing the immediate, correct routing of Plaintiff's original submission to the Chief Justice as addressed; and

E. Such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Albert Sedges hereby demands a trial by jury on all issues and claims so triable in this action.

## VERIFICATION AND DECLARATION

I, Albert Sedges, declare under penalty of perjury under the laws of the United States of America, that I am the Plaintiff in the above-captioned matter, that I have read the foregoing Civil Complaint, know the contents thereof, and that the factual statements and allegations contained therein are true, accurate, and correct to the best of my own personal knowledge and belief.

Dated: July 18, 2026

**Albert Sedges**

*Plaintiff Pro Se*

241 South 10th Avenue

Forsyth, Montana 59327

sedges1@yahoo.com